**Syed K. HUSSAIN, M.D., Plaintiff,**

v.

**SECRETARY OF HEALTH & HUMAN RESOURCES, Defendant.**

**Civ. No. 90–4244(SSB).**

United States District Court, D. New Jersey.

Oct. 23, 1990.

Montano, Summers, Mullen, Manuel, Owens & Gregorio by Arthur Montano, Cherry Hill, N.J., for plaintiff.

Michael Chertoff, U.S. Atty. by Paul Blane, Asst. U.S. Atty., Camden, N.J., for defendant.

OPINION

BROTMAN, District Judge.

Presently before the court is plaintiff's motion for a preliminary injunction prohib-

iting defendant and the officers, employees and agents of the Department of Health and Human Services from excluding plaintiff from reimbursement for items and services ordered or furnished by him under Title XVIII (Medicare) and from publication of any exclusion until his appeal of the administrative decision can be exhausted.

## I. FACTS AND PROCEDURE

The court heard oral argument on this motion this morning. For the purposes of this motion, the parties agree that the court should act as if plaintiff filed a complaint in this action which allows the court to address the merits of the motion. Plaintiff also notes that he does not raise any constitutional claims in his motion for a preliminary injunction.

Plaintiff, one of two neurosurgeons in Cumberland County, moves for a preliminary injunction prohibiting the Secretary of Health and Human Resources from excluding him from reimbursement for items and services furnished by him under the Medicare Program. Under the Social Security Act, health care providers have an obligation to assure that services to beneficiaries will be

"(1) ... provided economically and only when ... medically necessary; (2) ... of a quality which meets professionally recognized standards of health care; and (3) ... supported by evidence of medical necessity and quality in such form and fashion and at such time as may reasonably be required by a reviewing peer review organization in the exercise of its duties and responsibilities." 42 U.S.C. § 1320c–5(a).

Congress has enacted a system of medical peer review, conducted by peer review organizations (PRO's) in order to ensure medical care provider compliance with the statutory requirements. In this case, a PRO reviewed seven of plaintiff's cases, and determined that plaintiff had "grossly and flagrantly" violated his obligations under § 1320c–5(a) of the Social Security Act. Plaintiff had appeared before the PRO for "discussion" and had submitted letters from Dr. Maurice M. Davidson to the PRO in support of his medical decisions. Letters from Dr. Davidson appear to indicate that he reviewed six of the seven cases and found that plaintiff's medical care was "indicated" in at least five of the cases.

The PRO allegedly wrote to plaintiff on June 19, 1990, informing him of its determination and its recommendation to the Office of the Inspector General (OIG) to exclude him from participation in the Medicare program for five years. The PRO also allegedly informed plaintiff that he could submit additional information to the OIG within 30 days if he believed additional material would affect the PRO's recommendation to exclude him from the Medicare program. Plaintiff did not submit additional information to the OIG after the PRO submitted its recommendation of a five year exclusion.

On October 4, 1990, James Patton of the OIG wrote to plaintiff, informing him that after review of the PRO record, he had determined that plaintiff grossly and flagrantly violated his quality of care obligations in the seven cases reviewed pursuant to § 1320c–5 of the Social Security Act. Patton found that six of the seven violations involved unnecessary surgical procedures, and accordingly adopted the PRO's recommended sanction of exclusion for five years.

Once the OIG determines its sanction, it must give notice to the health care provider, as it did here. *See* 42 C.F.R. § 1004.100. The exclusion takes effect 15 days after the health care provider receives notification of exclusion which is presumed to occur five days after the exclusion is mailed. 42 C.F.R. § 1004.100(b). The OIG notifies the public of the sanction by a notice in a newspaper of general circulation. 42 C.F.R. § 1004.100(d). In this case, exclusion of Dr. Hussain will take place on Wednesday, October 24, 1990. Presumably, the exclusion will be published in a newspaper of general circulation on that date, and the court has been informed that hospitals in which Dr. Hussain practices have already been informed of the exclusion. Plaintiff moves for a preliminary injunction preventing his exclusion and any

publication of it until he has the opportunity to appeal the OIG's determination through the administrative process. He argues that the exclusion and its publication will harm his reputation and his medical practice, as well as harm the community as he is one of only two neurosurgeons practicing in the entire county, and the two physicians cover for one another.

## II. DISCUSSION

If the health care provider is dissatisfied with the OIG's determination and sanction, he may request a hearing before an administrative law judge (ALJ). After the hearing at which plaintiff may present evidence and cross-examine witnesses under oath, the ALJ's decision is appealable to the Appeals Council. 42 C.F.R. § 498–61–498.63. The agency's final action is the decision by the Appeals Council. If plaintiff is still dissatisfied, he then may appeal to the district court. 42 U.S.C. §§ 1320c–5(b)(4), 405(g).

Nowhere in the administrative scheme detailed above does it appear that there is a mechanism through which plaintiff can receive a stay of the exclusion until he has been heard on his appeal before the various administrative authorities. Plaintiff has argued that exclusion will irreparably harm him and his community. He argues that his reputation will suffer, and that he will suffer financially. In addition, plaintiff posits that the community will also be damaged by his exclusion as plaintiff is one of only two neurosurgeons practicing in Cumberland County, and the two doctors cover for one another. These consequences to the exclusion are serious; however, before the court may move to the merits of plaintiff's application for a preliminary injunction, it must address the fundamental issue of whether it has subject matter jurisdiction to hear plaintiff's claim.

■ Before this court may entertain an action, it must have subject matter jurisdiction. Jurisdiction in this matter must be granted by 28 U.S.C. § 1331 which provides: "[t]he district court shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Plaintiff concedes that he does not raise a constitutional claim in this action, and his claim does not arise under a treaty. As a result, this court must look for a statutory source creating its jurisdiction. As the underlying claim involves exclusion from Medicare, the court must look to the Social Security Act.

Under the statutory scheme created by the Social Security Act, this court has jurisdiction over plaintiff's action *only after* the Secretary renders a final decision in the administrative action. 42 U.S.C. § 405(g). In this action, plaintiff freely admits that he has not exhausted his administrative remedies. While the court believes that the statute's failure to provide for a stay of exclusion pending administrative appeal may work injustice, plaintiff's remedy must be provided by Congress, not this court.

■ There is an exception to the administrative exhaustion requirements which is inapplicable to this action. In order to fall within this exception, plaintiff must (1) raise a colorable constitutional claim collateral to his substantive claim of entitlement; (2) show that he would be irreparably harmed by enforcement of the exhaustion requirement; and (3) show that the purposes of exhaustion would not be served by requiring further administrative procedures. *Lavapies v. Bowen*, 883 F.2d 465, 467 (6th Cir.1989), citing *Mathews v. Eldridge*, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). In the instant case, plaintiff has expressly informed the court that he is not raising a constitutional claim. And even if he had raised a constitutional claim, numerous courts, including the United States Court of Appeals for the Third Circuit, confronted with essentially the same facts as in this case, have held that the exclusion from Medicare does not rise to the level of a constitutional deprivation. *See e.g., Ritter v. Cohen*, 797 F.2d 119 (3d Cir.1986); *Lavapies v. Bowen*, 883 F.2d 465 (6th Cir.1989); *Thorbus v. Bowen*, 848 F.2d 901 (8th Cir.1988); *Doyle v. Secretary of Health and Human Services*, 848 F.2d 296 (1st Cir.1988). As plaintiff has not exhausted his administrative remedies, and he does not raise a constitutional claim, this

court does not have subject matter jurisdiction over this matter and must dismiss this action. *Lavapies v. Bowen,* 883 F.2d 465 (6th Cir.1989).

## III. CONCLUSION

For the reasons stated above, the court does not have jurisdiction over this matter. An appropriate order will be entered by the court.

### ORDER

This matter having come before the court on plaintiff's motion for a preliminary injunction prohibiting defendant and the officers, employees and agents of the Department of Health and Human Services from excluding plaintiff from reimbursement for items and services ordered or furnished by him under Title XVIII (Medicare) and from publication of any exclusion until his appeal of the administrative decision can be exhausted;

The court having considered the submissions of the parties and having heard oral argument on this date; and

For the reasons set forth in the court's opinion of this date;

IT IS on this 23rd day of October, 1990, hereby

ORDERED that plaintiff's motion is DENIED and this action is DISMISSED WITHOUT PREJUDICE. Plaintiff may file a complaint in this action if he chooses once he has exhausted his administrative remedies.