959 F.2d 690
 36 Soc.Sec.Rep.Ser. 728, Medicare & Medicaid Guide
P 40,094
William E. ANDERSON, Jr., M.D., Appellant,
v.
Louis W. SULLIVAN, Secretary of Health and Human Services, Appellee.
 No. 91-1064.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Dec. 10, 1991.
Decided March 13, 1992.
 
 Robert R. Gibson, Lincoln, Neb., argued, for appellant.
 Harry B. Mallin, Kansas City, Mo., argued (Richard L. Richards, Des Moines, Iowa, on the brief), for appellee.
 Before JOHN R. GIBSON and MAGILL, Circuit Judges, and KAUFMAN,* Senior District Judge.
 MAGILL, Circuit Judge.
 
 
 1
 Dr. William E. Anderson, Jr., appeals the dismissal of his claim to force the government to maintain his Medicare reimbursement eligibility during the pendency of his exclusion appeal. The district court[1] dismissed the claim for lack of subject matter jurisdiction. Since we find that Anderson's failure to exhaust his administrative remedies robs this court of subject matter jurisdiction and his claim for mandamus is moot, we affirm.
 
 I.
 
 2
 Anderson practiced medicine in Iowa, receiving reimbursement for services provided under Medicare. On June 9, 1988, the Iowa Foundation for Medical Care--the local peer review organization--recommended to the Inspector General of the Department of Health and Human Services that Anderson be excluded from Medicare reimbursement eligibility for five years.[2] The Foundation specifically found that in the cases of four patients, Anderson "grossly and flagrantly" failed to comply with his obligation to provide a professionally recognized standard of care.
 
 
 3
 The Inspector General, in a letter dated October 7, 1988, accepted the recommendation and excluded Anderson from Medicare eligibility for five years. The Inspector General found not only that Anderson flagrantly violated his obligation to provide quality care, but was unwilling or unable to comply with the requirements of the Act.
 
 
 4
 Anderson requested a hearing before an administrative law judge. Since Anderson practiced medicine in a rural area, he also was entitled to, and did request, a preliminary hearing before an ALJ to determine whether he posed a serious risk to Medicare beneficiaries if he continued furnishing services pending the decision on the merits of his exclusion.[3] This preliminary hearing was never held. The hearing on the merits was held on July 10, 1989. The ALJ affirmed the Inspector General's determination, concluding that a preponderance of the evidence supported the finding that Anderson was unable or unwilling to comply with his obligations under Medicare. Anderson appealed the ALJ's decision to the Appeals Council of the Social Security Administration. That appeal is pending.
 
 
 5
 The exclusion determination made at the ALJ's substantive hearing is not before us. Rather, Anderson seeks injunctive, mandamus and declaratory relief to enjoin his exclusion from Medicare participation until he has exhausted his appeals. Specifically, Anderson argues that he should now be granted the preliminary "serious risk" hearing, and that he should remain eligible for Medicare reimbursement pending the completion of this hearing. Anderson maintains that if it is found at his preliminary hearing that he does not pose a serious risk to patients, he should be eligible for Medicare reimbursement throughout the administrative and judicial appeals process. The district court dismissed Anderson's claims, concluding that Anderson's failure to exhaust his available administrative remedies deprived the court of subject matter jurisdiction. We agree.
 
 
 6
 Anderson first contends the court has subject matter jurisdiction under 28 U.S.C. § 1331 (1988), which provides federal court jurisdiction for all actions "arising under the Constitution, laws, or treaties of the United States."[4] We agree with the district court that the Social Security Act precludes general federal subject matter jurisdiction until administrative remedies have been exhausted. The Secretary's appeal procedure established under the Act provides for review of an ALJ's decision by the Appeals Council. 42 C.F.R. § 1004.130 (1991). A claimant may seek review of a final decision of the Secretary in federal court in compliance with 42 U.S.C. § 405(g) (1988). Id. Moreover, the Act statutorily mandates exhaustion of administrative remedies. 42 U.S.C. § 405(h) (1988) ("No action against the United States, the Secretary, or any officer or employee thereof shall be brought under section 1331 or 1346 of title 28 to recover on any claim arising under this subchapter."). The Supreme Court in Weinberger v. Salfi, 422 U.S. 749, 764, 95 S.Ct. 2457, 2466, 45 L.Ed.2d 522 (1975), interpreted this section to limit federal court jurisdiction on Medicare claims to "final" decisions of the Secretary.
 
 
 7
 Exhaustion is generally required as a matter of preventing premature interference with agency processes, so that the agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review.
 
 
 8
 Id. at 765, 95 S.Ct. at 2467. In Heckler v. Ringer, 466 U.S. 602, 614-15, 104 S.Ct. 2013, 2021, 80 L.Ed.2d 622 (1984), the Supreme Court reaffirmed that " § 405(g), to the exclusion of 28 U.S.C. § 1331, is the sole avenue for judicial review for all 'claims arising under' the Medicare Act."
 
 
 9
 Courts explicitly have required exhaustion for challenges to penalties and exclusions rendered under 42 U.S.C. § 1320c-5 (West Supp.1991). Winter v. California Medical Review, Inc., 900 F.2d 1322, 1325 (9th Cir.1990); Lavapies v. Bowen, 883 F.2d 465, 467 (6th Cir.1989); Hussain v. Secretary of Health & Human Resources, 748 F.Supp. 277, 279 (D.N.J.1990) (federal courts have jurisdiction over challenges to sanctions under § 1320c-5 only after the Secretary renders a final decision in the administrative action). In a case involving a related statute, the Eighth Circuit ruled that exhaustion of administrative remedies is required before a provider may challenge an exclusion based on overuse of diagnostic procedures under 42 U.S.C.A. § 1320a-7(b)(6)(B) (West Supp.1991). Thorbus v. Bowen, 848 F.2d 901, 903 (8th Cir.1988).
 
 
 10
 An exception to the exhaustion of administrative remedies requirement lies in situations where the claimant: (1) raises a colorable constitutional claim collateral to his substantive claim of entitlement; (2) shows that irreparable harm would result from exhaustion; and (3) shows that the purposes of exhaustion would not be served by requiring further administrative procedures. Thorbus, 848 F.2d at 903 (citing Mathews v. Eldridge, 424 U.S. 319, 329-31, 96 S.Ct. 893, 900, 47 L.Ed.2d 18 (1976)); Lavapies, 883 F.2d at 467.
 
 
 11
 Anderson has shown no colorable constitutional claim. The procedures established for excluding physicians from Medicare do not violate due process. Thorbus, 848 F.2d at 903-04; Doyle v. Secretary of Health & Human Servs., 848 F.2d 296, 302 (1st Cir.1988); Cassim v. Bowen, 824 F.2d 791, 798 (9th Cir.1987); Varandani v. Bowen, 824 F.2d 307, 310-11 (4th Cir.1987), cert. dismissed, 484 U.S. 1052, 108 S.Ct. 1000, 98 L.Ed.2d 968 (1988); Koerpel v. Heckler, 797 F.2d 858, 867-69 (10th Cir.1986); Ritter v. Cohen, 797 F.2d 119, 124-25 (3d Cir.1986). Anderson has presented no evidence that he would be irreparably injured by exhausting his administrative appeals--in fact, he is currently engaged in such an appeal before the Appeals Council. Finally, Anderson has made no showing that the strong interests behind exhaustion would not be advanced in this case. Therefore, Anderson is compelled to exhaust his administrative remedies before a federal court may exercise general federal subject matter jurisdiction under 28 U.S.C. § 1331 (1988).
 
 
 12
 Anderson makes a second and related claim, asserting mandamus jurisdiction under 28 U.S.C. § 1361 (1988). While it is true that the Social Security Act does not preclude mandamus jurisdiction over procedural matters, Belles v. Schweiker, 720 F.2d 509, 512 (8th Cir.1983), Anderson's claim for mandamus relief is moot. Anderson seeks to have this court force the Secretary to hold a preliminary hearing. The government argues that Anderson waived this hearing. The facts are somewhat in dispute.[5]
 
 
 13
 Our decision makes it unnecessary for us to determine whether Anderson waived his right to the preliminary hearing. Anderson's claim for a preliminary hearing is mooted by the fact that he remained eligible for Medicare reimbursement during the entire pendency of the ALJ's determination on the merits of the exclusion. As the district court noted:
 
 
 14
 Had he prevailed at a preliminary hearing, Dr. Anderson would have been permitted at most to continue treating Medicare patients until the ALJ issued his adverse decision on the merits. By letting Dr. Anderson continue treating Medicare patients unrestricted until the ALJ issued his decision on the merits ..., the Secretary in effect granted Dr. Anderson a favorable preliminary hearing decision.
 
 
 15
 Anderson v. Sullivan, No. 90-33-W, slip op. at 7, 1990 WL 358303, (S.D.Iowa Sept. 27, 1990) (citation omitted).
 
 
 16
 Anderson, however, maintains the preliminary hearing should still be held because a favorable decision would entitle him to remain eligible for Medicare reimbursement throughout the entire appellate process. This argument is without merit.
 
 
 17
 The statute specifically provides that when the ALJ finds that the provider does not pose a serious risk to individuals, "the Secretary shall not effect the exclusion under paragraph (2) until the provider or practitioner has been provided reasonable notice and opportunity for an administrative hearing thereon under paragraph (4)." 42 U.S.C.A. § 1320c-5 (West Supp.1991) (emphasis added). Congress, thus, explicitly directs that the exclusion be withheld only until the hearing on the merits is completed. But even if we found the statute's language ambiguous, the statutory history compels a like conclusion. The House Report emphasized that the preliminary hearing should focus on the "immediate question of whether the provider's continued participation will pose a serious risk to patients." H.R.Rep. No. 100-391(I), 100th Cong., 1st Sess. (1987), reprinted in 1987 U.S.C.C.A.N. 2313-1, 2313-247.
 
 
 18
 The exclusion would take effect immediately only if the administrative law judge concluded, on the basis of a preponderance of the evidence, that the provider's continued participation posed a serious risk to patients. If the judge did not make that determination, the exclusion would not take effect until after an administrative hearing on the merits of the exclusion. If the administrative law judge determined that the provider should be excluded, the exclusion would take effect at that point, even though the provider had an additional right to judicial review.
 
 
 19
 Id. (emphasis added). Similarly, the conference report provides that if the ALJ does not find at the preliminary hearing that the provider poses a serious risk to patients, the Secretary may not activate the exclusion "until after an administrative hearing on the merits of the exclusion." H.R.Conf.Rep. No. 100-495, 100th Cong., 1st Sess. (1987), reprinted in 1987 U.S.C.C.A.N. 2313-1245, 2313-1410. Anderson had the administrative hearing on the merits of his exclusion. The preliminary hearing claim, therefore, is moot.
 
 II.
 
 20
 We affirm the district court's dismissal of these claims. Anderson's failure to exhaust his administrative remedies precludes this court from exercising federal subject matter jurisdiction. His claim for mandamus to order a preliminary hearing to determine his eligibility during the pendency of his administrative appeal is moot.
 
 
 
 *
 THE HONORABLE FRANK A. KAUFMAN, Senior United States District Judge for the District of Maryland, sitting by designation
 
 
 [1]
 The Honorable Donald E. O'Brien, United States District Judge for the Southern District of Iowa
 
 
 [2]
 Peer review of Medicare providers is compulsory under 42 U.S.C. § 1320c (1988). When a peer review organization discovers a gross and flagrant violation of a provider's duty to provide professionally recognized standards of care, it must submit a report and recommendation to the Inspector General. 42 C.F.R. § 1004.70 (1991). If the Inspector General agrees that a violation has occurred, it determines the appropriate sanction. 42 C.F.R. § 1004.90(d) (1991). A provider has the right to an administrative review of the Inspector General's determination. Specifically, the provider may request a hearing before an administrative law judge. The ALJ's decision is appealable to the Appeals Council. 42 C.F.R. § 1004.130 (1991)
 
 
 [3]
 Section 1320c-5 provides:
 Before the Secretary may effect an exclusion under paragraph (2) in the case of a provider or practitioner located in a rural health professional shortage area or in a county with a population of less than 70,000, the provider or practitioner adversely affected by the determination is entitled to a hearing before an administrative law judge ... respecting whether the provider or practitioner should be able to continue furnishing services to individuals entitled to benefits under this chapter, pending completion of the administrative review procedure under paragraph (4). If the judge does not determine, by a preponderance of the evidence, that the provider or practitioner will pose a serious risk to such individuals if permitted to continue furnishing such services, the Secretary shall not effect the exclusion under paragraph (2) until the provider or practitioner has been provided reasonable notice and opportunity for an administrative hearing thereon under paragraph (4).
 42 U.S.C.A. § 1320c-5 (West Supp.1991).
 
 
 [4]
 Anderson also asserts declaratory judgment jurisdiction under 28 U.S.C. § 2201 (1988). This section presupposes an independent form of jurisdiction. The statute begins, "In a case of actual controversy within its jurisdiction ...." 28 U.S.C. § 2201 (1988). This section does not expand the jurisdiction of the federal courts. Hills v. Eisenhart, 156 F.Supp. 902, 905 (N.D.Cal.1957), aff'd, 256 F.2d 609 (9th Cir.), cert. denied, 358 U.S. 832, 79 S.Ct. 53, 3 L.Ed.2d 70, reh'g denied, 358 U.S. 914, 79 S.Ct. 228, 3 L.Ed.2d 235 (1958). Since Anderson has failed to establish an independent ground for subject matter jurisdiction, § 2201 gives him no aid
 
 
 [5]
 The initially scheduled preliminary hearing was postponed after Anderson switched attorneys. Anderson later moved to Mississippi where he was awaiting appointment to the medical faculty of a university. Since Anderson was not practicing medicine, it was agreed by the parties that the preliminary hearing was not necessary and the principal hearing would be held on February 21, 1989. The hearing was later postponed and Anderson returned to Iowa to practice medicine. It was agreed by the parties that the principal hearing would be held on May 1, 1989, and that Anderson would remain eligible for Medicare reimbursement pending the ALJ's determination after the principal hearing. The principal hearing was held in July