**IT IS HEREBY ORDERED** that the motion of Gregory J. Sutton for release on bail is denied without prejudice.

**HEALTH CARE PROVIDERS, Plaintiff,**

v.

**Donna E. SHALALA, Secretary of the United States Department of Health and Human Services, Defendant.**

No. 4:95CV01812 GFG.

United States District Court,
E.D. Missouri,
Eastern Division.

Oct. 6, 1995.

Jeffery T. Demerath, Greensfelder and Hemker, St. Louis, MO, for plaintiff.

Madeleine B. Cole, Office of U.S. Attorney, St. Louis, MO, for defendant.

## *ORDER*

GUNN, District Judge.

This matter is before the Court on various motions.

Plaintiff filed suit on September 27, 1995 against the Secretary of the Department of Health and Human Services (HHS). Plaintiff also filed a motion for a temporary restraining order and preliminary injunction. Defendant has filed a motion to dismiss for lack of jurisdiction. This Court held a hearing on plaintiff's motion for preliminary injunctive relief on October 5, 1996.

This case involves the Medicare program which was established when Congress enacted Title XVIII of the Social Security Act, 42 U.S.C. §§ 1395–1395ccc. The program provides physicians' services and hospital services to eligible beneficiaries. The part of Medicare dealing with physician services is known as Part B. 42 U.S.C. §§ 1395j–1395w–4. Part B benefits can be paid to a party who furnishes covered items under an agreement with a provider of services. 42 U.S.C. §§ 1395k(a)(2)(G), 1395n(a). Plaintiff in this case is such a party; plaintiff is a supplier of orthotic devices and durable medical equipment.

HHS can enter into a contract with a carrier to administer the Medicare program in a particular area. 42 U.S.C. § 1395u. Such carriers need not make payments which are unreasonable or are for items not medically necessary. 42 U.S.C. § 1395y(a)(1)(A). In this case, a carrier, Associated Insurance Companies, through a subsidiary, Admina-Star Federal, Inc., determined that the documentation supporting claims for a back brace, known as L0430, supplied by plaintiff, "failed to substantiate receipt of service and/or medical necessity." (Compl.Exh.B at 1.) The carrier assessed an overpayment for claims involving the back braces paid from January 1990 until December of 1993 in the amount of $1,522,587.32. *Id.* In a letter dated August 21, 1995, the carrier notified plaintiff of the overpayment assessment and stated that it would begin offsetting future Medicare benefits due plaintiff to repay the overpayment on September 29, 1995. *Id.* Following the initiation of this lawsuit, defendant agreed to a one week postponement of the offset to allow the Court to hold a hearing.

The Court notes that plaintiff has appealed, through the administrative channels of HHS, the carrier's determination of overpayment. Plaintiff is waiting for an administrative hearing on the issue. Plaintiff does not now seek review of the carrier's decision. Plaintiff instead is seeking to stop the implementation of the offsetting plan; the Complaint alleges that the plan will drive plaintiff out of business within one month before its

case can be administratively reviewed. (Ray Aff., Compl.Exh.D.)

■ As a general rule judicial review is only permitted after a final decision by the Secretary of HHS. 42 U.S.C. § 1395ff(b)(1) and § 1395ii, incorporating 42 U.S.C. § 405. A final decision can only result after a claim for benefits has been presented to the Secretary of HHS and the administrative remedies prescribed by the Secretary are exhausted. *Bowen v. City of New York,* 476 U.S. 467, 483, 106 S.Ct. 2022, 2031–32, 90 L.Ed.2d 462 (1986). The parties agree that plaintiff has not exhausted its administrative remedies.

■ However, both parties recognize that the requirement of administrative exhaustion may be waived. In determining whether to waive the exhaustion requirement, a court must weigh three criteria: (1) whether the claim is collateral to a demand for benefits; (2) whether exhaustion would be futile; and (3) whether the plaintiffs would suffer irreparable harm if required to exhaust their administrative remedies before obtaining relief. *Abbey v. Sullivan,* 978 F.2d 37, 44 (2d Cir. 1992) "Each decision essentially involves a judgment that weighs the utility of exhaustion against countervailing considerations like futility and irreparable harm." *Id.*

■ In this case, plaintiff is not challenging the carrier's determination that an overpayment was made. Plaintiff is also not challenging the carrier's authority to initiate offsets. Plaintiff is merely challenging the imposition of the offsetting plan before HHS review of the carrier's decision. The Court therefore finds that this case involves a matter collateral to plaintiff's claim for benefits, that is, its claim that HHS did not overpay it.

The futility of exhaustion and the question of irreparable harm are intertwined in this case: plaintiff argues that exhaustion is futile because of the irreparable harm it would work on plaintiff. At the hearing, Mary L. Beach, the Manager for Region B of the Fraud and Abuse Department of AdminaStar Federal, testified that the carrier will initiate offsetting beginning October 6, 1995 on certain claims filed in Region B for Medicare benefits. (Beach Test.) The offsetting plan apparently does not encompass all future claims for Medicare benefits made by plaintiff. *Id.*

Upon hearing Beach's testimony, plaintiff retreated from its allegations that the offsetting would drive it out of business within one month. Plaintiff's counsel explained that Mrs. Ray, plaintiff's accountant, had planned to testify that an offsetting program encompassing all Medicare benefits would reduce plaintiff's monthly income of $150,000 by approximately 90%. The parties then stipulated that Mrs. Ray would testify that the offsetting of only certain claims (those filed in the states comprising Region B) would reduce plaintiff's monthly income by between $20,000 and $40,000, or by approximately 14% to 27%. Plaintiff's irreparable harm would be the $20,000 to $40,000 reduction in monthly income caused by the initiation of the carrier's offsetting plan.

In drafting the Complaint, plaintiff assumed the unavailability of administrative relief from the offsetting plan. (Compl. at ¶¶ 21–22.) However, at the hearing, Beach testified that a provider who is facing the implementation of offsetting, may submit a repayment plan to the carrier due to financial hardship. (Beach Test.) In a case like plaintiff's where the overpayment amount might warrant a repayment plan lasting longer than twelve months, the carrier will refer the provider's plan to the Health Care Finance Administration (HCFA). Beach testified that in her experience HCFA will honor the repayment plan proffered by a provider, even a plan seeking to repay only $10,000 per month on a $1.5 million overpayment. She also explained that such repayment requests are handled expeditiously. Indeed, according to Beach, had plaintiff filed a repayment plan with the carrier when it received notice on August 21, 1995, of the overpayment, that repayment plan would likely have been approved before the initiation of any offsetting. *Id.*

In light of the availability of administrative relief from the offsetting, this Court cannot say that exhaustion would be futile. Furthermore, the $20,000 to $40,000 reduction in monthly income threatened by the offsetting does not constitute irreparable harm sufficient for the extraordinary relief sought by

plaintiff. The Court has weighed the criteria discussed above and will decline to waive the exhaustion requirement in this case.

■ An exception to the exhaustion requirement applies when a party "raises a colorable constitutional claim collateral to his substantive claim of entitlement." *Anderson v. Sullivan,* 959 F.2d 690, 693 (8th Cir.1992). However, in this case plaintiff has not shown a colorable constitutional claim. Plaintiff claims that defendant violated the Due Process Clause by failing to comply with its own rules and regulations. The Court has reviewed those rules and regulations in light of the facts adduced at the hearing and finds that the carrier followed all applicable rules and regulations in assessing the overpayment and notifying plaintiff. Plaintiff has not shown that the existing procedures are unfair or unreliable, nor has plaintiff demonstrated the probable value of any additional safeguards beyond a party's submission of a repayment plan. *See Mathews v. Eldridge,* 424 U.S. 319, 343, 96 S.Ct. 893, 907, 47 L.Ed.2d 18 (1976). Plaintiff's mere allegation that its due process rights have been violated is simply not enough to support an exception to the requirement that plaintiff exhaust its administrative remedies.

In light of the foregoing, the Court will grant defendant's motion to dismiss for lack of jurisdiction. Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss for lack of jurisdiction is granted and that plaintiff's Complaint is dismissed.

**IT IS FURTHER ORDERED** that all other pending motions are denied as moot.