# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 04-1691

_____

| | | |
|---|---|---|
| John M. Volkert, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Michael O. Leavitt, Secretary of | * | District of Minnesota. |
| Health and Human Services,[1] | * | |
| | * | [UNPUBLISHED] |
| Appellee. | * | |

_____

Submitted: April 7, 2005
Filed: April 12, 2005

_____

Before MORRIS SHEPPARD ARNOLD, FAGG, and SMITH, Circuit Judges.

_____

PER CURIAM.

In this action for Medicare reimbursement for home health care expenses for periods in 1996 and 1998, John Volkert appeals the district court's[2] order granting

_____

[1]Michael O. Leavitt has been appointed to serve as Secretary of Health and Human Services, and is substituted as appellee pursuant to Federal Rule of Appellate Procedure 43(c).

[2]The Honorable John R. Tunheim, United States District Judge for the District of Minnesota, adopting the report and recommendations of the Honorable Janie S. Mayeron, United States Magistrate Judge for the District of Minnesota.

summary judgment in favor of the Secretary of the United States Department of Health and Human Services. Following careful review, we agree with the district court that Volkert cannot seek review in federal court of unexhausted Medicare claims for reimbursement for his home health care expenses for the period April 18 to November 30, 1996. See Weinberger v. Salfi, 422 U.S. 749, 764 (1975); Anderson v. Sullivan, 959 F.2d 690, 692-93 (8th Cir. 1992). Jurisdiction to review Volkert's related due process argument is also lacking, because it is inextricably intertwined with, if not identical to, his claim for benefits. See Heckler v. Ringer, 466 U.S. 602, 605, 610-15 (1984). As to Volkert's unsuccessful claim for Medicare benefits for November 1998 home health care services, we decline to consider his constitutional challenge, raised for the first time on appeal, to the definition of "intermittent" found in 42 U.S.C. § 1395x(m). See Liberty State Bank v. Minn. Life and Health Ins. Guar. Ass'n, 149 F.3d 832, 834 (8th Cir. 1998).

Like the district court, we find substantial evidence supports the denial of Medicare benefits. See 42 U.S.C. § 405(g) (standard of review); 42 U.S.C. § 1395ff(b)(1) (incorporating § 405(g)).

Accordingly, we affirm.

_____