# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-1986

_____

| | | |
|---|---|---|
| James F. Newport, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| United States Department of Labor; | * | |
| Hilda Solis,[1] Secretary of Labor; | * | [UNPUBLISHED] |
| Paul M. Igasaki,[2] ARB Chair; | * | |
| Honorable Daniel J. Solomon, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: February 26, 2010
Filed: March 16, 2010

_____

Before WOLLMAN, COLLOTON, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

_____

[1]Hilda Solis has been appointed to serve as Secretary of Labor and is substituted as respondent pursuant to Federal Rule of Appellate Procedure 43(c).

[2]Paul M. Igasaki has been appointed to serve as Chair of the Department of Labor Administrative Review Board and is substituted as respondent pursuant to Federal Rule of Appellate Procedure 43(c).

James Newport previously filed with the Department of Labor (DOL) a 42 U.S.C. § 5851 whistleblower complaint, which—on the recommendation of an Administrative Law Judge (ALJ)—was dismissed by the DOL Administrative Review Board as a sanction for Newport's improper conduct. Newport then brought this mandamus action in the district court,[3] seeking to have the ALJ recused and his administrative action reinstated. The district court dismissed the mandamus action upon concluding it lacked subject matter jurisdiction, and Newport now appeals that dismissal.

After careful de novo review, see LeMay v. U.S. Postal Serv., 450 F.3d 797, 799 (8th Cir. 2006), we agree with the district court's decision, see 42 U.S.C. § 5851(c)(1)-(2) (orders under § 5851(b) may be appealed to United States court of appeals for circuit in which violation allegedly occurred; where such review of order could have been obtained, order "shall not be subject to judicial review in any criminal or other civil proceeding"); cf. Anderson v. Sullivan, 959 F.2d 690, 692 (8th Cir. 1992) (in Medicare context, agreeing with district court that general federal subject matter jurisdiction was precluded where administrative remedies had not been exhausted); Hatcher v. Heckler, 772 F.2d 427, 432 (8th Cir. 1985) ("[T]he writ of mandamus 'is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty.'" (quoting Heckler v. Ringer, 466 U.S. 602, 616 (1984))).

Accordingly, we affirm. See 8th Cir. R. 47B.

_____

_____

[3]The Honorable David Gregory Kays, United States District Judge for the Western District of Missouri.