**Kenneth D. RODABAUGH, Appellant,**

v.

**Louis W. SULLIVAN, Secretary of Health and Human Services, Appellee.**

**No. 90-2009.**

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 12, 1991.

Decided Sept. 3, 1991.

Robert Pratt, Des Moines, Iowa, argued (John Hudson, on brief), for appellant.

Kristi Schmidt, Kansas City, Mo., argued (John Beamer, Asst. U.S. Atty., Des Moines, Iowa, on brief), for appellee.

Before MAGILL, BEAM and LOKEN, Circuit Judges.

BEAM, Circuit Judge.

Kenneth D. Rodabaugh, M.D., appeals an order of the district court denying his application for attorney's fees as a prevailing party under the Equal Access to Justice Act, 28 U.S.C.A. § 2412 (West Supp.1991). Dr. Rodabaugh argues that he is entitled to attorney's fees because he obtained a temporary restraining order enjoining the Secretary of the Department of Health and Human Services from suspending him from the Medicare program and publishing notice of the suspension. We affirm.

## I. BACKGROUND

On December 12, 1986, the Secretary of the Department of Health and Human Services notified Dr. Rodabaugh that he would be excluded from participating as a provider in the Medicare program for one year effective January 1, 1987. The Secretary had determined that Dr. Rodabaugh's medical care did not meet professionally recognized standards respecting one of his patients.

Before commencing administrative proceedings, Dr. Rodabaugh filed a complaint in federal district court on December 23, 1986, asserting that the Secretary's act of excluding him from the Medicare program violated his fifth amendment due process rights. Dr. Rodabaugh also requested a TRO, which the court issued the same day, enjoining the Secretary from sanctioning Dr. Rodabaugh and publishing notice of the sanction. The court postponed a prelimi-

nary injunction hearing pursuant to settlement negotiations between the parties, but the Secretary filed a request for a preliminary injunction hearing when negotiations broke down. The Secretary argued that the court lacked jurisdiction over Dr. Rodabaugh's complaint. Before a ruling was issued on the Secretary's motion for a hearing, Dr. Rodabaugh requested a hearing before an administrative law judge, and the district court again postponed a preliminary injunction hearing until after the administrative law hearing "consistent with the earlier agreement of the parties, to keep the temporary restraining order in effect pending this court's decision on the preliminary injunction matter." *Rodabaugh v. Sullivan*, No. 86–910–B (S.D. Iowa March 6, 1987).

A hearing before an ALJ was held on March 30 and 31, 1987. The ALJ found that Dr. Rodabaugh's care did not meet professionally recognized health standards respecting his patient, but determined that Dr. Rodabaugh was willing and able to comply with his obligations under the Medicare program. Therefore, the ALJ concluded that Dr. Rodabaugh should not be excluded as a provider under the program. The Secretary administratively appealed the ALJ's decision, but the appeals council declined to review the matter.

After the ALJ's decision, the district court indefinitely stayed a ruling on a preliminary injunction. Moreover, the court ordered that "the temporary restraining order previously entered shall continue to remain in full force and effect." *Rodabaugh v. Sullivan*, No. 86–910–B (S.D. Iowa June 22, 1987).

Dr. Rodabaugh filed a request for attorney's fees as a prevailing party under the EAJA. The district court denied the request, finding that Dr. Rodabaugh was not a prevailing party. The court reasoned that Dr. Rodabaugh obtained only a TRO, rather than a ruling on the merits of his complaint, and that a TRO is insufficient to make him a prevailing party. *Rodabaugh v. Sullivan*, No. 86–910–B (S.D. Iowa April 20, 1990). Dr. Rodabaugh appeals this decision.

## II. DISCUSSION

This court reviews a district court's decision respecting attorney's fees under the EAJA under the abuse of discretion standard. We review the district court's conclusions of law de novo, and reject its findings of fact only if clearly erroneous. *Securities & Exchange Comm'n v. Comserv Corp.*, 908 F.2d 1407, 1411 (8th Cir. 1990). We affirm the district court's conclusion that Dr. Rodabaugh is not entitled to attorney's fees, albeit on a different ground than the district court. Under the EAJA, a party seeking an award of attorney's fees must establish that it is a prevailing party. 28 U.S.C.A. § 2412(a), (d)(1)(A)–(B). We find that Dr. Rodabaugh is not a prevailing party because the district court did not have jurisdiction to issue a TRO before Dr. Rodabaugh exhausted administrative remedies.

Judicial review of the Secretary's decision is available only after a "final decision" by the Secretary, that is, after an administrative hearing and appeal are complete. *See* 42 U.S.C.A. § 1320c–5(b)(4) (1982 & West Supp.1991); *id.* § 405(g) (1988 & West Supp.1991). The Supreme Court has explained:

> Exhaustion is generally required as a matter of preventing premature interference with agency processes, so that the agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review.

*Weinberger v. Salfi*, 422 U.S. 749, 765, 95 S.Ct. 2457, 2467, 45 L.Ed.2d 522 (1975). The Court has, however, determined that the exhaustion requirement may be waived if a petitioner establishes (1) a colorable constitutional claim collateral to the substantive claim; (2) irreparable injury by enforcement of the exhaustion requirement; and (3) that the purpose of exhaustion would not be served by requiring further administrative procedures. *Lavapies v. Bowen*, 883 F.2d 465, 467 (6th Cir.1989) (citing *Mathews v. Eldridge*, 424 U.S. 319, 329–31, 96 S.Ct. 893, 900–01, 47 L.Ed.2d 18 (1976)). Dr. Rodabaugh did not, as indi-

cated, exhaust administrative remedies before filing his complaint in district court. Thus, the district court had jurisdiction to grant a TRO only if Dr. Rodabaugh satisfied the exception to the exhaustion requirement. We find that he did not satisfy the exception.

Dr. Rodabaugh failed to raise a colorable constitutional claim sufficient to obtain jurisdiction of the district court. Dr. Rodabaugh's complaint in district court alleged that the Secretary violated due process in excluding him from the Medicare program. This circuit has reviewed due process challenges to exclusions of doctors from the Medicare program and it has determined that the Secretary's procedures for exclusion are constitutionally sufficient. *Thorbus v. Bowen*, 848 F.2d 901, 903–04 (8th Cir.1988).[1] Dr. Rodabaugh received notice and an opportunity to respond. Other circuits addressing this issue have similarly determined that the Secretary's procedures are adequate. *Lavapies*, 883 F.2d at 467; *Doyle v. Secretary of Health & Human Servs.*, 848 F.2d 296, 302 (1st Cir.1988); *Varandani v. Bowen*, 824 F.2d 307, 310 (4th Cir.1987); *Cassim v. Bowen*, 824 F.2d 791, 798 (9th Cir.1987); *Ritter v. Cohen*, 797 F.2d 119, 123 (3rd Cir.1986); *Koerpel v. Heckler*, 797 F.2d 858, 869 (10th Cir.1986).[2]

Because Dr. Rodabaugh's due process claim was not sufficiently colorable to obtain jurisdiction in the district court, the court lacked jurisdiction to grant the TRO. Dr. Rodabaugh cannot now claim prevailing party status based on the faulty TRO.[3]

## III. CONCLUSION

Dr. Rodabaugh is not a prevailing party under the EAJA. Therefore, the district court's denial of attorney's fees is affirmed.

---

1. Although the court in *Thorbus* "assume[d] without deciding that [petitioner's due process claim is] sufficiently colorable for the purposes of jurisdiction in federal court," it so assumed "simply because we find that [petitioner] has failed to sustain proof of a constitutional violation." *Thorbus*, 848 F.2d at 903. *Thorbus* clearly held, however, that "the statutory review process provided in the administrative procedure Congress established is constitutionally sufficient." *Id.* at 904. Thus, the due process claim now asserted by Dr. Rodabaugh was rejected in *Thorbus*.

2. Petitioners in each of these cases, like Dr. Rodabaugh in the instant case, requested injunctive relief in the district court. Five courts upheld the district court's denial of injunctive relief, *Lavapies*, 883 F.2d at 468; *Thorbus*, 848 F.2d at 904; *Cassim*, 824 F.2d at 799; *Ritter*, 797 F.2d at 121, 124–25; *Koerpel*, 797 F.2d at 869, and two courts reversed the district court's grant of injunctive relief based on the petitioner's failure to exhaust administrative remedies, *Doyle*, 848 F.2d at 298–99; *Varandani*, 824 F.2d at 310, 313.

3. In any event, assuming the district court had jurisdiction to grant the TRO, Dr. Rodabaugh

would still not be a prevailing party. He did not succeed on "'any significant issue in litigation which achieve[d] some of the benefit ... sought.'" *Texas State Teachers Ass'n v. Garland Indep. School Dist.*, 489 U.S. 782, 109 S.Ct. 1486, 1493, 103 L.Ed.2d 866 (1989) (quoting *Nadeau v. Helgemoe*, 581 F.2d 275, 278–79 (1st Cir.1978)). He did not "'receive at least some relief on the merits of his claim.'" *Id.* (quoting *Hewitt v. Helms*, 482 U.S. 755, 760, 107 S.Ct. 2672, 2675, 96 L.Ed.2d 654 (1987)). Instead, Dr. Rodabaugh obtained only a TRO, and the TRO was not a catalyst in achieving the results sought; the administrative proceedings would have been available to Dr. Rodabaugh without the TRO, and Dr. Rodabaugh obtained nothing more in the administrative proceedings than he would have without the TRO. Thus, obtaining a TRO would be insufficient in this case to make Dr. Rodabaugh a prevailing party. *See Paragould Music Co. v. Paragould*, 738 F.2d 973, 975 (8th Cir. 1984) (per curiam) (petitioner who obtained TRO not a prevailing party under 42 U.S.C. § 1988 (1988)); *Bly v. McLeod*, 605 F.2d 134, 137 (4th Cir.1979).