**Georgia GOODIN, Appellant,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES,**
**Appellee.**

No. 92–1217.

United States Court of Appeals, Eighth Circuit.

Submitted June 4, 1992.

Decided Oct. 9, 1992.

Rehearing and Rehearing En Banc Denied Nov. 16, 1992.

Anthony W. Bartels, Jonesboro, Ark., argued, for appellant.

Rebecca L. Rome, Asst. Regional Counsel, Health and Human Services, Dallas, Tex., argued, for appellee.

Before McMILLIAN, WOLLMAN, and LOKEN, Circuit Judges.

PER CURIAM.

█ Georgia Goodin, a recipient of social security disability benefits, appeals the district court's [1] denial of her application for attorney's fees and costs under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. We affirm.

In April 1978, Goodin filed her first application for disability insurance benefits alleging disability from March 1970. The Social Security Administration denied her application initially, on reconsideration, and after a hearing. The Administrative Law Judge (ALJ) found Goodin was not disabled at any time prior to the September 30, 1973 expiration of her insured status. Goodin sought judicial review. The district court upheld the denial of benefits, and this court affirmed. *Goodin v. Harris*, 634 F.2d 631 (8th Cir. Sept. 2, 1980) (unpublished per curiam).

In September 1980, Goodin filed her second application for benefits. The ALJ denied her claim on the ground of res judicata. In May 1987, after a brain tumor was discovered and surgically removed, Goodin filed a third application. Goodin claimed that the tumor was in existence at the time her insured status expired. After exhausting her administrative appeals, Goodin again sought judicial review of the Secretary's refusal to reopen her claim. In November 1988, the district court granted the Secretary's motion to dismiss, concluding that it lacked subject matter jurisdiction. Goodin did not appeal the dismissal.

In March 1988, during the pendency of the district court proceedings on her third application, Goodin filed her fourth application for benefits. The Secretary denied her claim initially and on reconsideration. In July 1989, the ALJ denied her request for a hearing, again on the ground of res judicata. The ALJ concluded that, because more than four years had elapsed since the date of the initial determination on Goodin's first application, the hearing decision could not be reopened, *see* 20 C.F.R. § 404.988 (1989), and that the new evidence was insufficient to constitute good cause to reopen, *see* 20 C.F.R. § 404.989 (1989). In January 1990, the Appeals Council remanded the case to the ALJ for further proceedings, concluding the new and material facts precluded the application of res judicata.

A different ALJ conducted a hearing and denied benefits on the basis of the May 1987 application. In May 1991, the Appeals Council reversed and awarded benefits from March 31, 1970. Although it does not appear that there was a pending case in the district court, Goodin then moved to dismiss the civil action on the basis of the Secretary's award of benefits, and the district court signed the order of dismissal on June 21, 1991.

On June 25, 1991, Goodin filed her EAJA application. The Secretary argued that EAJA fees should be denied because Goodin was not a "prevailing party" in a "civil

1. The HONORABLE HENRY WOODS, United States District Judge for the Eastern District of Arkansas.

action" under 28 U.S.C. § 2412(d)(1)(A), and her application was not filed within thirty days after the final judgment on November 18, 1988. In opposition, Goodin argued that she was a prevailing party because she successfully obtained an award of benefits.

The district court denied an award of EAJA fees, concluding that, even assuming Goodin was a prevailing party, the activity in federal court was not a "contributing factor" in bringing about the administrative action which ultimately resulted in an award of benefits. On appeal the parties reiterate their arguments to the district court.

■ This court reviews the denial of an EAJA award under an abuse-of-discretion standard. *Gamber v. Bowen,* 823 F.2d 242, 244 (8th Cir.1987). Under section 2412(d)(1)(A), "[A] court shall award to a prevailing party ... fees and other expenses ... incurred by that party in any civil action ... including proceedings for judicial review of agency action." Although Goodin ultimately prevailed in obtaining benefits, the district court's initial affirmance of the denial of benefits and its subsequent dismissal for lack of jurisdiction did not contribute to the agency's ultimate award of benefits. Goodin "obtained nothing more in the administrative proceedings than [s]he would have without" the federal court action. *Rodabaugh v. Sullivan,* 943 F.2d 855, 858 n. 3 (8th Cir.1991). Thus, Goodin was not a "prevailing party ... in a civil action" under the statute.

Accordingly, we affirm.