989 F.2d 505
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Mary Lea TYLER; Sybil Triplett, A minor child by and
through natural mother; Melvin Leroy Tyler, Appellants,
v.
DEPARTMENT OF HEALTH and HUMAN SERVICES, also known as Louis
W. Sullivan, Appellee.
 No. 92-2251.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: December 30, 1992.
Filed: January 15, 1993.
 
 Before MAGILL, LOKEN, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Mary Lea Tyler and Melvin Leroy Tyler appeal from the district court's[1] order dismissing their action against Louis W. Sullivan, the Secretary of Health and Human Services. We affirm.
 
 
 2
 Mary and Melvin alleged in their suit that the Secretary had terminated the social security benefits Mary was receiving on the earnings record of her deceased husband when, in May 1988, she married Melvin, an inmate in custody of the Missouri Department of Corrections. They also alleged that they obtained an annulment of their marriage in September 1991. They claimed that, although the marriage had disqualified Mary from receiving benefits, the annulment entitled her to immediate reinstatement of benefits and back payments, and she was denied this relief because Melvin had successfully pursued benefits claims for other inmates.
 
 
 3
 Citing 42 U.S.C. § 405(g) and (h), the district court granted the Secretary's motion to dismiss, concluding that Mary had not obtained a final decision from the Secretary, and that Melvin had "no basis in law" for asserting a claim based upon his former wife's loss of benefits. This appeal followed, in which Mary and Melvin note that Mary's benefits have been reinstated, but reassert that she should receive back payments for the time covering her annulled marriage to Melvin.
 
 
 4
 The district court correctly concluded that under sections 405(g) and (h), Mary may seek judicial review only after a final decision by the Secretary, i.e., "after an administrative hearing and appeal are complete." Rodabaugh v. Sullivan, 943 F.2d 855, 857 (8th Cir. 1991). We have explained that the exhaustion requirement may be waived if the claimant establishes "(1) a colorable constitutional claim collateral to the substantive claim; (2) irreparable injury by enforcement of the exhaustion requirement; and (3) that the purpose of exhaustion would not be served by requiring further administrative procedures." Id. Mary has made no such showing, and therefore her claim was properly dismissed for failure to exhaust administrative remedies. In addition, the district court properly dismissed Melvin's claim for failure to state a claim upon which relief can be granted.
 
 
 5
 Accordingly, we affirm.
 
 
 
 [1]
 The HONORABLE CLYDE S. CAHILL, Senior United States District Judge for the Eastern District of Missouri