David A. BARRETT, Appellant,

v.

DEPARTMENT OF HEALTH AND HUMAN SERVICES, Donna Shalala, Secretary, Appellee.

No. 93–3201.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 15, 1993.

Decided Jan. 12, 1994.

Barbara Barrett, Des Moines, IA, argued, for appellant.

Paul Lillios, Cedar Rapids, IA, argued, for appellee.

Before McMILLIAN, FAGG, and BEAM, Circuit Judges.

PER CURIAM.

David A. Barrett is an administrator of a private facility that receives federal Medicare and Medicaid funds for the care of mentally and physically disabled adults. After Barrett pleaded guilty in state court to failing to report suspected sexual abuse, the Department of Health and Human Services notified him of his five-year exclusion from employment in programs receiving federal Medicare and Medicaid funds. See 42 U.S.C. § 1320a–7(a)(2), (c)(3)(B) (1988) (mandatory five-year exclusion for persons convicted of offenses relating to patient neglect or abuse). Barrett appealed the exclusion and an administrative law judge (ALJ) upheld Barrett's exclusion.

In addition to his administrative appeal, Barrett also filed this action in federal court, on the ground that the exclusion regulation violates due process because it does not provide a pre-exclusion hearing. The district court found it lacked subject matter jurisdiction and denied Barrett's motion for a preliminary injunction. Barrett appeals and we affirm.

█ We agree with the district court that it lacked jurisdiction. Because Barrett's lawsuit is based on an exclusion under § 1320a–7(a), Barrett must exhaust his ad-

ministrative remedies before seeking judicial review of the Secretary's final decision. 42 U.S.C. § 1320a–7(f)(1); see id. § 405(g). Barrett has not exhausted his administrative remedies. See 42 C.F.R. § 1005.21 (1992) (appeal to Departmental Appeals Board). When administrative procedures are not exhausted, the district court lacks jurisdiction unless Barrett can "(1) raise a colorable constitutional claim collateral to his substantive claim of entitlement; (2) show that he would be irreparably harmed by enforcement of the exhaustion requirement; and (3) show that the purposes of the exhaustion requirement would not be served by requiring further administrative procedures." Thorbus v. Bowen, 848 F.2d 901, 903 (8th Cir.1988).

We need not decide whether Barrett has a colorable due process claim because we conclude Barrett has not shown irreparable harm or futility of further administrative procedures. Barrett claims he will lose his job and he cannot use his training and experience because he is excluded from employment at other similar facilities. The Secretary's exclusion action, however, does not prevent Barrett from working for facilities that do not rely on federal funding. See id. at 904 & n. 7. Indeed, Barrett admits his current employer has found another position with private funding that allows him to continue working there.

Further, we are not convinced that exhaustion of Barrett's administrative remedies would be futile. Barrett claims exclusion is unwarranted in light of the circumstances surrounding his failure to report the suspected abuse. Requiring that Barrett appeal his exclusion to the Departmental Appeals Board allows the Department to "'function efficiently and ... have an opportunity to correct its own errors, to afford the parties and the courts the benefit of [the Secretary's] experience and expertise, and to compile a record [that] is adequate for judicial review.'" Schoolcraft v. Sullivan, 971 F.2d 81, 87 (8th Cir.1992) (quoting Weinberger v. Salfi, 422 U.S. 749, 765, 95 S.Ct. 2457, 2466, 45 L.Ed.2d 522 (1975)), petitions for cert. filed, 61 U.S.L.W. 3621 (U.S. Feb. 22, 1993) (Nos. 92–1392 & 92–1395). Thus, exhaustion provides the Secretary the opportunity to decide

whether, under the facts behind Barrett's conviction, exclusion is warranted.

Accordingly, we affirm.