_____

No. 93-3553
_____

Robert Lee Rowden,                          *
                                            *
          Appellant,                        *
                                            *
     v.                                     *
                                            *
Janice L. Warden; Social                    *
Security Administration,                    *
                                            *
          Appellees.                        *

     _____
                                              Appeals from the United States
     No. 95-1442                              District Court for the
     _____                              Eastern District of Missouri

Robert Lee Rowden,                          *
                                            *
          Appellant,                        *
                                            *
     v.                                     *
                                            *
Shirley S. Chater, Commissioner             *
of the Social Security                      *
Administration,*                            *
                                            *
          Appellee.                         *

                              _____

              Submitted:  September 28, 1995

                 Filed:  July 17, 1996
                              _____

Before McMILLIAN, BRIGHT and MAGILL, Circuit Judges.
                              _____

McMILLIAN, Circuit Judge.

_____

     *As of March 31, 1995, the Social Security Administration
became an independent agency from the Department of
Health and Human Services.  Therefore, the court has
substituted Shirley S. Chater for Donna E. Shalala
pursuant to Fed. R. App. P. 43(c).

Robert Lee Rowden appeals from the final order of the District Court[1] for the Eastern District of Missouri, dismissing for failing to exhaust his administrative remedies his claim against the Social Security Administration (SSA) concerning his continued receipt of disability benefits while incarcerated. We affirm.

When Rowden first applied for disability benefits in 1989, he signed a statement agreeing to notify the SSA if he were imprisoned for conviction of a felony. Rowden was awarded disability benefits in 1990 due to a heart impairment, and was convicted of a felony in October 1992. He did not inform the SSA of his conviction. In March 1993, the SSA notified Rowden that it had learned of his conviction. In May, the SSA informed Rowden that his benefits were suspended effective October 1992, and that he owed $5,334.60 in overpayment. On June 8, Rowden submitted a request for a waiver of collection of overpayment. The SSA denied Rowden's waiver request, concluding Rowden was not without fault in causing the overpayment. After a personal conference, the SSA notified Rowden on May 25, 1994, that the decision to deny waiver of overpayment was correct, and informed Rowden he had sixty days to request a review by an Administrative Law Judge (ALJ). Rowden did not do so.

Rowden initiated a civil rights action against the SSA, claiming his disability benefits were wrongly terminated. The district court, construing the complaint as asserting jurisdiction under 42 U.S.C. § 405(g), dismissed it as frivolous because Rowden did not assert that he was participating in an approved

---

[1]The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri, adopting the report and recommendations of the Honorable Catherine D. Perry, then United States Magistrate Judge for the Eastern District of Missouri, now United States District Judge for the Eastern District of Missouri.

rehabilitation program.  <u>See</u> 42 U.S.C. § 402(x)(1).[2]  Because Rowden had attempted to amend his complaint to allege that he was attending rehabilitation, we remanded the case for further proceedings.  <u>Rowden v. Warden</u>, No. 93-3553 (8th Cir. Nov. 19, 1993) (order).  On remand, Rowden amended his complaint asserting he was participating in the Missouri Sexual Offenders Program.

The SSA did not respond to the amended complaint for five months because Rowden served an SSA employee, not the proper party.  Once notified of the pending action, the SSA moved to dismiss.  The district court then granted the SSA's motion, concluding that the court lacked subject matter jurisdiction because Rowden had failed to exhaust his administrative remedies by requesting a hearing before an ALJ.  Rowden unsuccessfully sought reconsideration, arguing his failure to exhaust was not intentional, the SSA did not inform him of his rights or obligation to appeal administratively, and prison officials mishandled his mail.

On appeal, Rowden argues that, but for the SSA's delay in informing him during the litigation that he had to exhaust his administrative remedies, he would have complied.  Similarly, he argues that had the court pointed out the exhaustion problem rather than dismiss his initial complaint as frivolous, he also would have filed a timely request for hearing.  The SSA argues that any delay in the SSA answering the complaint was caused by Rowden's failure to properly serve the agency and thus the SSA is not responsible for Rowden's failure to exhaust his administrative remedies.

Rowden may seek judicial review of the Secretary's decision in this case only after a final decision by the Secretary "made after a hearing." 42 U.S.C. § 405(g); <u>see</u> <u>Medellin v. Shalala</u>, 23 F.3d

---

[2]The rehabilitation exception has been eliminated for benefits paid beginning February 1995.  <u>See</u> Social Security Domestic Employment Reform Act of 1994, Pub. L. No. 103-387, § 4, 1994 U.S.C.C.A.N. (108 Stat.) 4071, 4076.

-3-

199, 202 nn.4-5 (8th Cir. 1994). Because Rowden has not shown he requested a hearing before an ALJ to appeal either the decision to terminate his benefits or to deny a waiver of his overpayment, Rowden did not exhaust his administrative remedies. See 20 C.F.R. §§ 404.929 - .933 (request for hearing before ALJ); 404.967 (Appeals Council review); 404.981 (judicial review). Although the exhaustion requirement may be waived in certain limited circumstances, see Rodabaugh v. Sullivan, 943 F.2d 855, 857 (8th Cir. 1991), Rowden has not met those conditions.

In addition, Rowden may not assert estoppel, based on his assertion that the district court and the SSA failed to inform him earlier of his need to exhaust his administrative remedies. Estoppel against the government requires a showing of affirmative misconduct, which Rowden has not shown here. See Olsen v. United States, 952 F.2d 236, 241 & n.2 (8th Cir. 1991) (test for estoppel). Thus, absent grounds to excuse exhaustion, the district court was bound to dismiss for lack of jurisdiction.

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-4-