Edwin C. FORTES, Jr., Plaintiff,

v.

Margaret L. HARDING, et al., Defendants.

Civ. No. 3:CV–97–0987.

United States District Court, M.D. Pennsylvania.

June 25, 1998.

Edwin C. Fortes, Jr., Plaintiff Pro Se.

Dulce Donovan, Asst U.S. Atty, Williamsport, PA, for defendant.

### MEMORANDUM

VANASKIE, District Judge.

### BACKGROUND

Plaintiff Edwin C. Fortes, an inmate formerly confined at the Allenwood Federal Correctional Institution, White Deer, Pennsylvania ("FCI–Allenwood")[1], filed this Bivens-styled action[2] against several federal officials. Along with the filing of his complaint, Fortes filed an application to proceed in forma pauperis.

He names as Defendants the following FCI–Allenwood employees: Margaret L.

---

1. Fortes is presently confined at the United States Penitentiary, Lompoc, California. (See Dkt. Entry 39.)

2. Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). Bivens stands for the proposition that "a citizen suffering a compensa-

Harding, Warden; P. Ackley, Associate Warden; Carl R. Stevens, Unit Manager; Joseph Hall, Unit Counselor; and W. Lane, Education Supervisor. Only injunctive relief is sought. Specifically, Fortes asks that defendants be restrained from interfering with his access to the courts in connection with his appeal from his conviction.

Pending before the court is Defendants' motion to dismiss and for summary judgment. (Dkt. Entry 16.) The motion is fully briefed and is ripe for disposition. Defendants argue, inter alia, that the complaint should be dismissed for failure to exhaust administrative remedies and because Fortes can show no cognizable injury.

Defendants' exhaustion of remedies argument is meritorious. But more fundamentally, Fortes' action for injunctive relief is moot since (a) he is no longer incarcerated at FCI–Allenwood and (b) his appeal has been decided after he was accorded the right to file briefs that purported to supplement the arguments that his attorney advanced in separately-filed briefs. Indeed, even if mootness and exhaustion hurdles were not present, Fortes could not show the requisite injury-infact to maintain a viable cause of action.

### DISCUSSION

The Prison Litigation Reform Act of 1995, Pub.L. No. 104–134, 110 Stat. 1321 (April 26, 1996) (the "Act"), has substantially changed judicial treatment of civil rights actions by state and federal prisoners. With respect to the applicability of administrative remedies, Section 803(d) of the Act has amended 42 U.S.C. § 1997e(a) to read as follows:

No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C.1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such admin-

---

ble injury to a constitutionally protected interest could invoke the general federal question jurisdiction of the district court to obtain an award of monetary damages against the responsible federal official." Butz v. Economou, 438 U.S. 478, 504, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978).

istrative remedies as are available are exhausted. § 803(d) (subpara. a).

This provision makes no distinction between an action for damages, injunctive relief, or both. Thus, prisoners are required to exhaust available administrative remedies prior to initiating a prison conditions case brought pursuant to 42 U.S.C. § 1983 or any other federal law.

 The Bureau of Prisons has established a multi-tier system whereby a federal prisoner may seek formal review of any aspect of his imprisonment. 28 C.F.R. §§ 542.10–542.19 (1997). First, "an inmate shall ... present an issue of concern informally to staff, and staff shall attempt to informally resolve the issue before an inmate submits a Request for Administrative Remedy." *Id.* § 542.13(a). Second, if an inmate at an institution is unable to informally resolve his complaint, he may file "a formal written Administrative Remedy Request, on the appropriate form (BP–9), [within] 20 calendar days following the date on which the basis for the Request occurred." *Id.* § 542.14(a). The warden has twenty (20) days in which to respond. *Id.* § 542.18. An inmate who is not satisfied with the warden's response may submit an appeal, on the appropriate form (BP–10), to the appropriate Regional Director within twenty (20) calendar days from the date the warden signed the response. *Id.* § 542.15(a). An inmate who is not satisfied with the Regional Director's response may submit an appeal, on the appropriate form (BP–11), to the General Counsel within thirty (30) calendar days from the date the Regional Director signed the response. *Id.* The Regional Director has thirty (30) days and the General Counsel has forty (40) days to respond. *Id.* § 542.18.

Fortes alleges that Defendants "have consistently, and concertedly, denied plaintiff access to the First Circuit Court of Appeals by willfully and maliciously impeding his efforts to prepare his legal documentation, in accordance with several court-ordered deadlines, and by denying his request for permission to obtain the amount of postage that is required to mail said legal documentation to the First Circuit Court of Appeals and to the Assistant U.S. Attorney, and to his court-appointed counsel, by not allowing him to endorse a BP–199(45) Request for Withdrawal of Inmate's Personal Funds (Form 24) which would be held against plaintiff's personal inmate account, until sufficient funds ever became available to reimburse the administration of FCI–Allenwood (Medium) for the amount of required postage obtained to mail said legal documentation to the court". (Dkt. Entry 1.) For relief, Fortes requests the issuance of a "preliminary injunction directing Defendants, Harding, Ackley, Stevens, Hall and Lane to cease and desist denying him access to the courts by refusing to allow him to endorse a BP–199(45) Request for Withdrawal of Inmate's Personal Funds (Form 24) for the cost of postage that is required to mail his 'pro se' supplemental appeal brief to the First Circuit Court of Appeals and to the Assistant United States Attorney, in accordance with a court-ordered deadline, and by limiting his time in the law library of FCI–Allenwood (Medium) to prepare said 'pro se' supplemental appellate brief, as well as by preventing him from obtaining photocopies of necessary legal documentation, in a reasonably timely manner." (Id.) Fortes makes no indication that he exhausted his administrative remedies with respect to any of his requests.

In support of their motion to dismiss and for summary judgment, defendants submit the affidavit of Thomas J. Mueller, Attorney–Advisor at the United States Department of Justice, Federal Bureau of Prisons, who states that in the ordinary course of business, computerized indexes of all administrative appeals filed by inmates are maintained so that rapid verification may be made as to whether an inmate has exhausted administrative appeals on a particular issue. Mueller's review of the SENTRY Administrative Remedy System reveals that on February 21, 1997 Plaintiff filed an administrative remedy (BP–9) with the Warden, requesting absence from his institutional duty assignment. This administrative remedy was subsequently withdrawn by Plaintiff before a response could be made. Fortes did not pursue this remedy any further. (Dkt. Entry 22, Exhibit 1, Affidavit of Thomas J. Mueller.)

On June 4, 1997, Fortes filed an administrative remedy (BP–9) with the warden requesting postage for legal correspondence. This remedy was denied by the Warden on June 24, 1997. Plaintiff twice unsuccessfully attempted to appeal the institution's response to the Regional Office through a BP–10. (Id.)

On July 23, 1997, Fortes filed a third administrative remedy, (BP–10) directly to the Regional Office, requesting time off from his institutional duty assignment. This was rejected by the Regional Office for failing to first file at the institutional level. Fortes did not pursue this remedy any further. (Id.) Thus, with regard to three separate remedies that Plaintiff has initiated, he has failed to pursue the available administrative review to its end.

While Fortes does not deny his lack of exhaustion, he attempts to justify it by arguing that he lacked the funds for mailing his administrative appeals and for photocopying the exhibits that needed to be included and that Defendants "refused to allow him to endorse a BP–199(45) Request for Withdrawal of Inmate's Personal Funds (Form 24) for the cost of postage." (Dkt. Entry 33.) However, to the extent that Plaintiff attempts to argue that it is the prison officials to blame for his lack of exhaustion, the documentation provided by Defendants indicates that it was Fortes' own errors, and not the alleged indiscretions of prison officials, which resulted in his failure to complete the exhaustion process. (See Dkt. Entry 38, Exhibit 1 and Attachment 2.) Consequently, it is clear that he has not exhausted his available administrative remedies with respect to the claims raised in his complaint.[3] Thus, Fortes' apparent failure to comply with 42 U.S.C. § 1997e(a), as amended, warrants the dismissal of his complaint. See Carlow v. Bureau of Prisons, et al., No. 97–0841 (M.D. Pa. June 12, 1998) (Conaboy, J.); Pew v. Im-

schweiler, et al., No. 96–0760 (M.D.Pa. September 12, 1996) (Kosik, J.); Lubawski v. Horn, et al., No. 96–1371 (M.D.Pa. July 29, 1996) (Rambo, C.J.); Smith v. Giza, No. 96–1167 (M.D.Pa. July 2, 1996) (Rambo, C.J.); Brooks v. Superintendent Lunk of Div. 10, et al., No. 96C3221, 1996 WL 308268 (N.D.Ill. June 5, 1996).

■ Even if the failure to exhaust administrative remedies were waived, Fortes' claims would not be justiciable. The adjudicatory power of a federal court depends upon the "continuing existence of a live and acute controversy." Steffel v. Thompson, 415 U.S. 452, 459, 94 S.Ct. 1209, 39 L.Ed.2d 505 (1974). "The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." Id. at 459, n. 10, 94 S.Ct. 1209. "Past exposure to illegal conduct is insufficient to sustain a present case or controversy regarding injunctive relief if unaccompanied by continuing present adverse effects." Rosenberg v. Meese, 622 F.Supp. 1451, 1462 (S.D.N.Y.1985).

Fortes has not been confined at FCI–Allenwood since at least April 23, 1998. (See Dkt. Entry 39.) Correspondence from the Federal Correctional Complex–Allenwood indicates that Fortes has been transferred to USP Lompoc, California. There is no indication of a reasonable likelihood that he will be returned to FCI–Allenwood in the foreseeable future. Consequently, his requests to enjoin the defendants from interfering with his access to the courts is academic. See Muslim v. Frame, 854 F.Supp. 1215, 1222 (E.D.Pa.1994). In other words, Fortes' transfer to another institution moots any claims for injunctive or declaratory relief. See Abdul–Akbar v. Watson, 4 F.3d 195, 206–07 (3rd Cir.1993); Weaver v. Wilcox, 650 F.2d 22, 27 (3rd Cir.1981).

Moreover, Fortes' appeal from his conviction of being a felon in possession of firearms

---

3. Alternatively, had Fortes' complaint been construed as a motion for temporary restraining order and/or preliminary injunction pursuant to Fed.R.Civ.P. 65, his failure to exhaust would preclude success on the ultimate merits of the underlying action as a procedural bar, thus barring him preliminary relief. See United States v. Powers, 328 F.Supp. 887, 890 (E.D.Pa.1971); Ro-

dabaugh v. Sullivan, 943 F.2d 855, 857 (8th Cir.1991)(Exhaustion of administrative remedies is required before the granting of preliminary relief so that an agency may function efficiently, correct its own errors, afford parties and courts the benefit of its own expertise, and compile a record adequate for judicial review).

 

and ammunition, possessing a firearm with an obliterated serial number, and possessing cocaine with intent to distribute has been resolved by the First Circuit. *See United States v. Fortes,* 141 F.3d 1 (1st Cir.), *petition for cert. filed,* (U.S. May 20, 1998) (No. 97–9261). Thus, there is no basis for entering an injunctive decree in any event.

■ Finally, Fortes cannot show any cognizable injury as a result of his inability to make photocopies, use the library to the extent he desired, or obtain postage. In order to present a viable First Amendment "access to the courts" claim, an inmate must show an actual injury. *Lewis v. Casey,* 518 U.S. 343, 349–355, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). For example, a plaintiff must allege specific instances of prejudice to his legal rights, such as missed court dates, missed filing deadlines, a denial of legal assistance to which he was entitled, or the loss of a case which he should have won. *See Ramos v. Vaughn,* No. CIV.A.94–2596, 1995 WL 386573 *8 (E.D.Pa.1995), *aff'd mem.* 85 F.3d 612 (3rd Cir.1996). Fortes' "supplemental" briefs were accepted by the First Circuit. In addition, he was represented by counsel throughout his appeal. The First Circuit wrote a thorough opinion, discussing in detail *some* of the arguments presented on appeal. Fortes complains that the issues he raised in his supplemental filings were not addressed at all by the First Circuit. But there is no indication that the First Circuit refused to consider the issues he raised because they were not timely submitted. Under these circumstances, therefore, it could not be said that Fortes sustained some "actual injury" as a result of the matters about which he complains.

## CONCLUSION

For the foregoing reasons, this action will be dismissed. An appropriate Order is attached.

### ORDER

AND NOW, THEREFORE, THIS 25th DAY OF JUNE, 1998, for the reasons set forth in the foregoing Memorandum, IT IS HEREBY ORDERED THAT:

1. Defendants' motion to dismiss (Dkt. Entry 16) is **GRANTED.**

2. Plaintiff's complaint is **DISMISSED AS MOOT.**

3. The Clerk of Court is directed to **CLOSE** this case.

4. Any appeal from this Order will be deemed frivolous, without probable cause and not taken in good faith.