# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-4099
_____

| | | |
|---|---|---|
| In re:  Arlene Otis, | * | On Petition for Writ |
| | * | Of Mandamus. |
| Petitioner. | * | |

_____

No. 99-4341
_____

| | | |
|---|---|---|
| Arlene Otis, | * | |
| | * | |
| Plaintiff-Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Kenneth S. Apfel, Commissioner | * | District of Minnesota. |
| of Social Security, | * | |
| | * | |
| Defendant-Appellee. | * | |

_____

Submitted: January 3, 2000
Filed: January 28, 2000

_____

Before RICHARD S. ARNOLD, BRIGHT, and HANSEN, Circuit Judges.

_____

PER CURIAM.

Petitioner-Appellant Arlene Otis appeals from a judgment denying her pro se motion for a temporary restraining order and a preliminary injunction against the Commissioner seeking to enjoin the Social Security Administration (SSA) from suspending her social security disability benefits. After the district court denied her relief, Ms. Otis filed a pro se petition for a writ of mandamus with this court, seeking an order directing the district court to enter a temporary restraining order preventing the SSA from suspending her benefits. We deny the petition for the writ of mandamus, and we summarily affirm the judgment of the district court.

Ms. Otis is a supplemental security income beneficiary. She lives in Minnesota. In September of 1999, the SSA informed her that her benefits would be suspended beginning in October 1999, because an outstanding felony forgery warrant for her arrest issued by the Circuit Court of Cook County, Illinois, remained unsatisfied. Ms. Otis was advised that she could contest the suspension by requesting a case review and attending an informal or formal conference at the SSA office, and that she could also ask that her benefits be continued. While she requested such a conference and appointments were made for her and then rescheduled at her request, she failed to appear for the conference scheduled for October 14, 1999. Instead, on October 12, 1999, she filed a pro se complaint in the district court seeking a temporary restraining order, a preliminary injunction, and a permanent injunction. Her motion for a temporary restraining order was denied after a hearing. A formal administrative conference was then scheduled by the SSA for November 8, 1999, and she was so advised. The SSA did not suspend her benefits as originally announced and paid them for October and November, but warned her that she might have to pay them back if the entitlement issue was not resolved in her favor. She attended the formal conference but failed to satisfy the SSA that the Illinois warrant had been resolved. On November 15, 1999, the SSA issued a notice of reconsideration, indicating that her benefits would be suspended after her November check. The notice also informed her of her right to

appeal the suspension decision by requesting a hearing before an administrative law judge (ALJ) within 60 days. Instead of pursuing further her administrative remedies, Ms. Otis filed another motion in the district court again seeking a temporary restraining order. On November 23, 1999, the district court again held a hearing on her motion, denied the same, and ordered the case closed. Judgment was entered on November 24, 1999. On November 29, 1999, Ms. Otis filed her petition for emergency writ of mandamus with this court, and on December 15, 1999, she appealed the November 24, 1999, judgment by the district court.

This panel considered the papers filed with us in the mandamus proceeding as the briefs on the appeal and held argument on both matters by conference call on January 3, 2000. During that argument, this court was informed that Ms. Otis has now requested a hearing before an ALJ and that such a hearing will be scheduled by the SSA.

The SSA suspended Ms. Otis's benefits, acting pursuant to 42 U.S.C. § 1382(e)(5)(A) and (e)(6), which provide that no person shall be considered an eligible individual for benefit purposes with respect to any month, if during that month the person is fleeing to avoid prosecution for a felony under the laws of the place from which the person flees.

It is clear that Ms. Otis has not exhausted her administrative remedies within the SSA to contest the suspension of her benefits, and until she has done so, the district court acted well within its discretion to deny her motions for preliminary relief. See Rowden v. Warden, 89 F.3d 536, 537 (8th Cir. 1996); Medellin v. Shalala, 23 F.3d 199, 204 nn.4-5 (8th Cir. 1994). In this case, there exists an administrative procedure for determining whether or not Ms. Otis is the same person named in the outstanding Illinois warrant, a procedure Ms. Otis has failed fully to use.

Ms. Otis does not meet the criteria set forth in <u>Rodabaugh v. Sullivan</u>, 943 F.2d 855, 857 (8th Cir. 1991), for waiver of the exhaustion requirement. Because the petitioner has adequate administrative means to attain relief, and no judicial usurpation of power is involved, the extraordinary remedy of mandamus is unwarranted. <u>See</u> <u>In re Kansas City Star Co.</u>, 73 F.3d 191, 194 (8th Cir. 1996).

Accordingly, we affirm the district court's judgment and deny the petition for writ of mandamus. We do so with an understanding from the government's representation at oral argument that the SSA will undertake to give Ms. Otis a prompt hearing before an ALJ and that the SSA has the discretion to continue Ms. Otis's benefits, reserving its right of recoupment, in the interim. Ms. Otis's motion for leave to proceed in forma pauperis in both the appeal and the mandamus proceeding is granted.

BRIGHT, Circuit Judge, concurring separately.

I concur in the result but add this statement.

Ms. Otis states that she is a diabetic and may die if deprived of insulin. She states that she has no funds to purchase that needed medication. If her statement is true, this situation cries out for some relief.

At the hearing on this matter, counsel for the SSA conceded that the agency has the power to continue benefits to Ms. Otis pending a hearing and determination of the issues. If her life or her health is in jeopardy, I suggest that the SSA should continue her benefits, as may be permitted under the law and regulations, subject to repayment if Ms. Otis is unsuccessful in further administrative proceedings.

I also believe that Ms. Otis raises some constitutional issues that may be of concern in the administrative proceedings. She will need counsel to properly present

these and other issues.  Ms. Otis should seek counsel through legal aid services in Minnesota.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.